ERVIN, Justice
(dissenting):
I do not believe we should disturb the District Court decision. The facts on which it reversed are undisputed and appear to warrant the summary conclusion that the purchase of the subject automobile was consummated to the extent that Higgins had beneficial ownership absolving the Respondent used car dealer from liability to Petitioner. No jury trial on disputed facts or settlement of inferences therefrom appears necessary.
As recited in the majority opinion, Higgins agreed on a Saturday with the Respondent used car dealer to trade his older car for the subject 1965 Thunderbird. The older car was being financed. Higgins could not on Saturday clear out the financing on the older car and give clear title to it to the dealer. The 1965 Thunderbird also required financing for Higgins to purchase it. The parties agreed to complete the details of financing and to execute the necessary papers to evidence mutual transfer of title to the two cars on the following Monday. At the time of the agree *316 ment on Saturday, Higgins signed a retail sales contract for the Thunderbird. The negligent collision involving the Thunderbird occurred Saturday evening after Higgins signed the contract.
It appears to me that there was a meeting of the minds of the parties and a contract of purchase was agreed upon and executed. True, there remained details of performance, i. e., financing and execution of certificates of title to evidence and complete the trade of the two automobiles; but under the contract the beneficial ownership of the Thunderbird and its delivery had passed to Higgins. The Thunderbird was not delivered subject to Higgins’ trial use and approval. It was a sale delivery. Both parties were bound by the contract and neither could rescind the contract on his or its part as incomplete or mistaken, although Higgins may have been unable to consummate the financing of the Thunderbird the following Monday because the finance company might have been unwilling to accept the risk. But eventuation of such possibility would be a subsequent failure of performance of the contract, not a condition precedent to the validity and binding effect of the contract.
Consequently, I agree with the District Court the beneficial ownership of the Thunderbird had passed to Higgins. The sale, of course, was a conditional one, as most sales of automobiles are. Failure to make payment, provide required financing or other default in satisfying the contract conditions imposed by the used car dealer would in such subsequent event result in a right in the dealer to repossess the car under the contract, but from the moment of delivery of the Thunderbird to Higgins he had beneficial ownership of it under a valid contract with control and authority over its use and operation insofar as third parties were concerned. It was not a temporary entrustment of the Thunderbird by the dealer to Higgins; it was a conditional sale.
The foregoing considered, I agree with the District Court the material facts of the transaction were not in dispute and a question of law was presented. Further, that the beneficial ownership of the Thunderbird had passed to Higgins for the reasons expressed by the District Court and the authorities it cites in support.
ROBERTS, C. J., and SAMUEL SMITH, Circuit Judge, concur.